IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **George Love Farming,** | Bankruptcy Number 06-20612 |
| Debtor. | Chapter 7 |

**MEMORANDUM DECISION DENYING MOTION FOR RELIEF**

The continued hearing on Life Investors Insurance Company's ("LIICOA") Motion for Relief from the Automatic Stay came before the Court on March 24, 2006. Judge Tom R. Cornish presided over the matter after finding that he is familiar with the record in this case and that the parties will not be prejudiced, as required by Fed. R. Civ. Pr. 63, extended to this Court by Bankruptcy Rule 9028. There were no objections raised to Judge Cornish presiding over this matter. In conjunction with the Court's Order Denying LIICOA's Motion for Relief, the Court issues this Memorandum Decision, which will constitute the Court's findings of fact and conclusions of law required by Bankruptcy Rule 7052.

I. **BACKGROUND:**

On October 12, 2004, Snowville Farms, George Love Farming, LLC, and George Love commenced separate chapter 11 bankruptcy cases which were later substantively consolidated into one chapter 11 bankruptcy estate. This Court confirmed a chapter 11 plan in that case on December 12, 2005. The principal asset of the chapter 11 estate was a large farming property divided into one dry farm (the "Dry Farm"), and one irrigated farm (the "Sanda Rosa Farm").

1

Both farms are located in northern Utah and for the past several years have been used to grow organic crops. Both farms are secured by an interest held by LIICOA.[1]

The chapter 11 debtor in possession was unable to proceed under the confirmed plan of reorganization, and on March 7, 2006, the Debtor commenced this chapter 7 bankruptcy case.[2] The other members of the chapter 11 estate did not join in this bankruptcy case, but at the hearing on this matter they each represented to the Court that they would agree to be bound by the Court's determination in this matter.[3]

After the Debtor commenced this case, LIICOA filed a Motion to Dismiss the chapter 7 case, or in the alternative, for Relief from the Automatic Stay. Judge William Thurman presided over the hearing on LIICOA's Motion on March 13, 2006, denying the Motion to Dismiss and denying the Motion for Relief on a preliminary basis. At the March 13 hearing, the Court recognized that the parties' main dispute was over the value of the farm property. Accordingly, the Court scheduled a continued hearing on the Motion for Relief for March 24, 2006 to allow the parties to present evidence as to the property's value. Thus, the Court's mission at the March

---

[1] Barnes Bank has not yet filed a proof of claim in this case, but had an allowed claim under the chapter 11 plan of reorganization for $673,949.55 plus interest, fees, and costs. Because this claim is secured only by an interest in accounts receivable for the property's 2003 crops, the Court need not consider Barnes Bank's interest for purposes of determining the Debtor's equity in the farm property.

[2] The Court need not detail the procedural history of the chapter 11 case. For further reference, parties may refer to the record in Bankruptcy Case No. 04-36559.

[3] In light of these representations, the Court instructed the parties to file a written stipulation encompassing this agreement. On May 1, 2006, the Debtor filed a Notice of Debtor's Agreement to Ownership of Property, indicating that the Debtor "has obtained or will obtain" the written agreement of the other members of the chapter 11 estate. The parties have not yet filed a formal stipulation with the Court.

2

24 hearing was primarily to determine the value of both farms.

## II. ANALYSIS:

The Court is presented with two equally competent and professional appraisals, each providing separate analysis of the Dry Farm and of the Sanda Rosa Organic Commodities Farm. Mr. Jeffrey C. Anderson's appraisal, submitted by LIICOA, suggests that the Dry Farm is worth approximately $1.7 million, and that the Sanda Rosa Farm is worth approximately $5.7 million. Mr. Larry Rigby's appraisal, submitted by the Debtor, opines that the Dry Farm is worth approximately $1.8 million, and that the Sanda Rosa Farm is worth approximately $7 million. LIICOA's claim as of April 24, 2006, was for $7,386,677.01. The Court will consider evidence of the value of each farm in turn.[4]

### A. The Value of the Snowville Dry Farm:

The Dry Farm is located approximately eight (8) miles south of the Utah-Idaho border in Box Elder County, Utah. It contains approximately 6,500 acres of land, 4,900 of which is in production. An additional 1,000 acres are in a Conservation Reserve Program. The remaining portion of the farm is used primarily for cattle grazing. The Dry Farm contains minimal improvements with the exception of storage bins and corrals.

The Court has carefully examined the appraisal reports of Mr. Anderson and Mr. Rigby and reports of comparable properties and sales in the area. The Court notes that both Mr. Anderson and Mr. Rigby had difficulty valuing the property by looking to comparable properties

---

[4]The Court is impressed with the preparation and skill of all parties involved in this matter. The participation of the chapter 7 trustee, Joel Marker, has been particularly important in aiding the Court's determination. The quality of the arguments and authority advanced by all counsel in this mater has been outstanding.

3

because of the unique traits of the Dry Farm. Specifically, the property is an organic farm. The evidence submitted at the hearing on this matter was that the majority of farms in the area are used for non-organic farming, utilizing irrigated methods. As a court of equity, the Court could simply "split the difference" between the two appraisals. Mr. Anderson values the Dry Farm at $1.7 million, and Mr. Rigby values it at $1.8 million. The Court could might reasonably conclude that the Dry Farm is worth $1.75 million.

In light of all the evidence presented in this matter, however, the Court is persuaded that Mr. Anderson's appraisal is accurate and reliable, such that the Court need not "split the difference." As such, by a preponderance of the evidence the Court adopts Mr. Anderson's appraisal of the Dry Farm. The Court determines that the Dry Farm is worth $1.7 million, for purposes of ruling on LIICOA's Motion for Relief.

B.   The Value of the Sanda Rosa Organic Commodities Farm:

The Sanda Rosa Farm is located in Snowville, Utah, in Box Elder County. It is a 7,500 acre irrigated farm with 42 irrigation pivots supplied by ten or eleven underground wells. Mr. Love purchased the Sanda Rosa Farm in 2002 for approximately $3,275,000. Mr. Anderson values the Sanda Rosa Farm at $5.7 million. This amount represents an allocation of $754,000 for equipment and $4,946,000 for the farm land itself. Mr. Rigby believes the farm is worth $7 million, attributing $616,500 to improvements on the property (storage buildings, office buildings, barns, and grain storage facilities), and valuing the land itself at $6,550,000. As with the Dry Farm, both appraisers had difficulty locating other comparable farm sales. The major difficulty with finding comparable sales for the Sanda Rosa Farm was the sheer size of this farm, and the fact that the farm is used to produce organic crops.

In light of the evidence presented in this matter, the Court determines by a preponderance of the evidence that Mr. Rigby's appraisal is the most credible valuation of the Sanda Rosa Farm. The Court adopts Mr. Rigby's valuation, and determines that the Sanda Rosa Farm is worth $7 million.

C. <u>Application of the Valuations to the Motion for Relief</u>:

As stated above, the Court continued LIICOA's Motion for Relief for the limited purpose of determining whether cause exists to lift the stay under 11 U.S.C. §§ 362(d)(1) and (d)(2)[5] - whether the Debtor has any equity in the farm property. LIICOA's claim against the Debtor's estate is for $7,386,677.07.[6] As discussed above, the Court determines that for purposes of ruling on LIICOA's Motion for Relief, the farm property is worth $8.7 million. By the Court's calculations, the Debtor has an equity interest remaining in the farm property. LIICOA has presented no evidence that the value of the property is decreasing in any way. Accordingly, the Court determines that LIICOA has not carried its burden under § 362(d) to show that cause exists to lift the automatic stay.

## III. CONCLUSION:

LIICOA's Motion for Relief from the Automatic Stay should be DENIED. An appropriate Order accompanies this Memorandum Decision.

---

[5] All statutory references herein are to the U.S. Bankruptcy Code, unless stated otherwise.

[6] This is an estimated amount, as LIICOA has yet to file a proof of claim in this chapter 7 case. The Court notes, however, that under the confirmed chapter 11 plan of reorganization, LIICOA had an allowed claim for $7,011,910.97 as of December 31, 2005.

5

Dated this 9th day of May, 2006.

                                                        Judge Tom R. Cornish
                                                          Bankruptcy Judge

_____End of Document_____

Service of the foregoing **MEMORANDUM DECISION DENYING MOTION FOR RELIEF** will be effected through the Bankruptcy Noticing Center to each party listed below.

All parties listed on the mailing matrix.