Joel T. Marker (4372)
Jeremy C. Sink (9916)
**McKAY, BURTON & THURMAN**
Attorneys for Joel T. Marker, Trustee
170 South Main St., Suite 800
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Email:        joel@mbt-law.com

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

_____

| In re: | : | Bankruptcy No. 06-20612 WTT |
| --- | --- | --- |
|  |  | Chapter 7 |
| GEORGE LOVE FARMING, LLC, | : |  |
| Debtor. | : |  |

_____

### TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO CONVERT

Joel T. Marker, Trustee of the Chapter 7 bankruptcy estate of George Love Farming, LLC, hereby objects to the Debtor's Motion to Convert, dated March 14, 2007. In support of this objection the Trustee respectfully represents as follows:

### CASE BACKGROUND

1. George Love Farming, LLC, (the Debtor) commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code March 7, 2006. Joel T. Marker is serving as the permanent Chapter 7 Trustee of the Debtor's estate.

2. A review of the procedural posture of this case is set forth in the Court's oral ruling on the Trustee's Motion for an Order (1) Confirming Auction Sale of Dry Farm; and (2) Authorizing Closing of Sale, Docket No. 106. The Court's oral ruling was given at a hearing held August 10, 2006 at 10:30 a.m. and a transcript is available at Docket No. 123.

**Filed: 03/20/07**

3. The Debtor is an affiliate of George B. Love (Love), Snowville Farms, LLC (Snowville), George Love Family Partnership (Family Partnership) and George Love Farming Partnership (Farming Partnership). Snowville and Love filed separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah on October 11, 2004, Case Nos. 04-36559 and 04-36560 respectively. On May 18, 2005 the Court entered its Order Substantively Consolidating the Assets and Liabilities of Snowville Farms LLC, George Love Farming LC, George Love Farming Partnership, George Love Family Partnership, and George B. Love (the Consolidation Order). The Consolidation Order consolidated "the assets and liabilities of debtor-in-possession Snowville Farms, LLC, of debtor-in-possession George B. Love, and of the farming entities consisting of George Love Farming Partnership, George Love Farming LC, and George Love Family Partnership." Love, Snowville, the Debtor, Family Partnership and Farming Partnership were the "Consolidated Debtors." The assets and liabilities of the Consolidated Debtors comprise the "Consolidated Estate." On December 19, 2005 the Court entered its Order Confirming Joint Debtors' Plan of Reorganization (the Confirmation Order). The Confirmation Order did not alter or limit the legal effect of the Consolidation Order and the assets of the Consolidated Estate revested in the Consolidated Debtors on the effective date of the plan.

4. Almost immediately after confirmation of their plan the Consolidated Debtors defaulted with respect to their obligations under the plan. AEGON USA Realty Advisors, Inc., as agent for Life Investors Insurance Company of America (LIICOA), the creditor with the senior trust deed lien on real property owned by the Consolidated Debtors in Box Elder County, Utah, commenced a trust deed foreclosure on its collateral. The Consolidated Debtors filed several motions and other proceedings in an effort to stop LIICOA's foreclosure, all of which failed.

5. In a final effort to stop LIICOA's foreclosure proceeding, the Debtor, separate and apart from Love, Snowville, and the other Consolidated Debtors, filed a voluntary petition commencing the present bankruptcy case. Immediately, LIICOA filed a motion to dismiss this case as a bad faith filing or, in the alternative, for relief from the automatic stay, Docket No. 5. In response, the Debtor filed the Debtor's Memorandum in Opposition to Motion to Dismiss and in Opposition to Motion for Relief from Stay, dated March 13, 2006. Docket No. 9. In its response the Debtor conceded that the Consolidated Debtors' plan had failed and that the Debtor's good faith in filing the present case was demonstrated by the fact that George Love Farming was not trying to reorganize but would consent to liquidation under the supervision of a Chapter 7 trustee:

> LIICOA has deemed this chapter 7 petition to be in bad faith. On the contrary, the purpose of the prior chapter 11 proceeding was to reorganize and continue as a going concern which is in sharp contrast to the purpose of this petition which is to accomplish an orderly liquidation for the benefit of all creditors, including LIICOA. The only continued business operations would be for the purpose of winding up, preserving assets and dissolution. Had George Love Farming filed a new Chapter 11 petition with the aim of attempting a second reorganization plan, LIICOA's argument might prevail.

Debtor's Memorandum, p. 9

6. The Court denied the motion to dismiss at a hearing held March 13, 2006 and continued the hearing on LIICOA's motion for relief to April 24, 2006. During the hearing on LIICOA's motion for relief the Court directed the Trustee, the Debtor and the Consolidated Debtors to file a stipulation acknowledging which assets were property of the George Love Farming bankruptcy estate and whether the Debtor and Consolidated Debtors consented to the

3

Court's jurisdiction over those assets and the Trustee's administration of those assets. On May 1, 2006 the Debtor filed a unilateral pleading entitled "Notice of Debtor's Agreement as to Ownership of Property", dated May 1, 2006. In its pleading the Debtor states as follows:

> 5. The Debtor hereby agrees that all interests in and to both of the foregoing real property are subject to this Court's jurisdiction in this case number 06-20612 and fully subject to the Trustee's legal ownership for administration hereunder.
>
> 6. The Debtor further represents that is has obtained or will obtain the agreement of Snowville Farms, LLC, George B. Love and Valayne Love to the foregoing. The Debtor further represents that it will obtain any and all deeds needed to transfer legal title to the Trustee of all of the two Box Elder County farms and that all of the foregoing legal and equitable owners will fully cooperate with the Trustee with regard to any sale thereof.

7. Among other assets, the Debtor's estate owned an interest in the following generally described real property as of the petition date:

a) A dry farm located along Locomotive Springs Road approximately 8 miles south of Snowville, Box Elder County, Utah, consisting of 6,529 acres of dry crop land, conservation reserve program land, improved grazing and farmstead areas (the Dry Farm);

b) An irrigated farm referred to as the "Sanda Rosa Farm" located near Snowville, Box Elder County, Utah, consisting of approximately 7,482 acres of irrigated and non-irrigated land, improvements, water wells and water rights, irrigation system, equipment, fixtures and farmstead (the Sanda Rosa Farm); and

c) Approximately 824 acres of dry farm land located in Holbrook, Idaho, near Malad City, Idaho (the Idaho Farm).

The Dry Farm, Sanda Rosa Farm and Idaho Farm are collectively referred to herein as the Real Property.

8. On May 3, 2006 the Trustee signed a listing agreement with Highland Commercial, Inc. (Highland) to sell the Real Property for a commission of 4% of the gross sale of any or all of the property. An order approving the Trustee's employment of Highland Commercial was entered May 18, 2006. On November 29, 2006 the Court entered a further order approving the extension of the Highland listing agreement for an additional 180 days beyond November 14, 2006.

9. As of the petition date, legal title to the Real Property described in Paragraph 7 was jointly held by George B. Love, Valayne Love, George Love Farming, LC, and Snowville Farms, LLC. The Trustee believes that as a result of the prior consolidation and reorganization proceedings described in Paragraph 3 the estate owns the Real Property and assets listed in the statements and schedules filed by Love and Snowville and all assets not listed in the statements and schedules filed by Love and Snowville but owned by one or more of the Consolidated Debtors, and that the Trustee has necessary authority to convey clear title to the real property without the consent or approval of any third party. However, earlier in this case, in connection with the Trustee's sale of the Dry Farm, the Court ruled that the Trustee could not sell the whole without a conveyance from the co-owners or further order of the Court. On June 28, 2006 the Trustee filed a complaint against Love, Valayne Love, Snowville, Farming Partnership and Family Partnership, Adversary Proceeding No. 06-2372. The complaint sought a judgment authorizing the Trustee to sell jointly owned real and personal property and for related relief. Prior to a trial the defendants stipulated to a judgment, entered October 3, 2006, granting the relief sought by the Trustee (the Judgment). The Judgment authorizes the Trustee to sell the interests of the estate and

5

the interests of Love, Valayne Love, Snowville, Farming Partnership and Family Partnership in the Real Property.

10. The Order Confirming Auction Sale of Dry Farm and Authorizing Closing of Sale was entered August 10, 2006, Docket No. 120. The sale of the Dry Farm closed and the Trustee has disbursed sale proceeds of $1,960,000, with $1,792,790.40 paid to LIICOA.

11. Following the sale of the Dry Farm the Trustee and his professionals have worked diligently on the sale of the real property, water rights, equipment, fixtures and improvements referred to as the Sanda Rosa Farm located near Snowville, Box Elder County, Utah.

12. On March 8, 2007 the Trustee filed his Trustee's Motion for an Order Approving the Sale of Assets Free and Clear of Liens and Interests Pursuant to Section 363 of the Bankruptcy Code, (the Sanda Rosa Sale Motion). In the Sanda Rosa Sale Motion the Trustee seeks authority to sell the assets comprising the Sanda Rosa Farm to Dinsdale Brothers, a Nebraska corporation, for $6,000,000, free and clear of liens and interests, subject to higher and better bids. A hearing on the Sanda Rosa Sale Motion is scheduled for March 26, 2007 at 2:00 p.m.

13. The Debtor filed its Motion to Convert on March 14, 2007, alleging that liquidation of the Sanda Rosa Farm is in conflict with the Consolidated Debtors' efforts to operate the farm and that "creditors will fare better with all of the Love entities operating pursuant to chapter 11."

14. The Debtor has not given notice of its Motion to Convert to all creditors and has therefore failed to comply with the Court's March 15, 2007 Order Shortening Time for Hearing on Debtor's Motion to Convert and Setting Deadline for Responses, Docket No. 192.

## ARGUMENT

Section 706(a) of the Bankruptcy Code permits a debtor "to convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." The debtor's right to convert a case from chapter 7 to chapter 11 is not absolute and the Court has authority to deny a motion to convert for bad-faith conduct. *Marrama v. Citizens Bank of Massachusetts,* 127 S.Ct. 1105 (2007). The inherent power of every federal court to sanction abusive litigation practices is adequate to authorize an immediate denial of a motion to convert filed under Section 706. *Marrama*, 127 S.Ct. at 1112. In determining whether a debtor has engaged in sufficient bad-faith conduct to warrant denial of a motion to convert, courts have examined all of the circumstances of a given case including the following factors:

(1) Whether the debtor is seeking to convert in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors);

(2) Whether the debtor can propose a confirmable plan;

(3) The impact on the debtor of denying conversion weighing against the prejudice to creditors caused by allowing conversion;

(4) The effect of conversion on the efficient administration of the bankruptcy estate; and

7

(5)    Whether conversion would further an abuse of the bankruptcy process.

*In re Miller*, 303 B.R. 471, 474 (10th Cir. BAP 2003) (quoting *In re Pakuris*, 262 B.R. 330 (Bankr. E.D. Pa. 2001)).

The Debtor's effort to convert this case to one under Chapter 11 of the Bankruptcy Code, when viewed against the totality of circumstances in this case, is in bad faith. The Debtor's motion was filed over one year after the voluntary petition was filed and immediately prior to a hearing on the Trustee's motion for authority to sell the Sanda Rosa Farm for $6,000,000. The Debtor's motive is clear from the conversion motion—to stop the sale of the Sanda Rosa Farm. The Debtor's motion completely contradicts its statements in the opening days of this case that the plan confirmed by the Consolidated Debtors had failed and that the Debtor's actions in filing the petition commencing this case were in good faith because the Debtor was proposing a liquidation of its assets "under the control and supervision of the trustee." The Debtor's present motion also directly contradicts its written assurances to the Court and to the Trustee that the assets of this estate, including the Sanda Rosa Farm, would be fully subject to the Trustee's legal ownership for administration, that the Debtor, Love, Valayne Love and Snowville Farms would deliver deeds transferring legal title to the Trustee for all of the real estate and that the Debtor and its affiliates would "fully cooperate with the Trustee with regard to any sale thereof." Docket No. 40.

The Consolidated Debtors are in material default with respect to their confirmed plan and have not made payments to creditors as required by the confirmed plan. Furthermore, the Debtor has no capital to carry on any business operations. For example, Love and the Consolidated Debtors allowed the casualty insurance policy covering the Sanda Rosa assets lapse in February, 2007 and failed to notify the Trustee of the lapse of the policy. The Debtor and its affiliates also lack funds necessary to plant a crop and to provide the cash deposit necessary to

obtain power to run the farm's irrigation system. Based upon the foregoing the Trustee asserts that the Debtor cannot propose a confirmable plan.

Finally, the impact on creditors of a conversion of this case outweighs any speculative benefit to the Debtor. Creditors, including LIICOA, have waited over one year for payment on their allowed claims. The Debtor's proposal to pay creditors from ongoing business operations is an empty promise. Furthermore, a conversion at this late date in the case will adversely affect the efficient administration of this estate. The Debtor has no prospect to repay its creditors and no ability to satisfy the fees and costs incurred by the Trustee, his attorneys, accountants and real estate broker in administering this estate. On the heels of the failed Chapter 11 reorganization of the Consolidated Debtors, the Debtor's effort to convert its case to one under Chapter 11 is an abuse of the bankruptcy process when viewed against all of the circumstances in this case.

Based upon the foregoing the Trustee respectfully requests that the Court deny the relief requested by the Debtor and for such other and further relief as the Court determines to be appropriate under the circumstances.

DATED this 20th day of March, 2007.

**McKAY, BURTON & THURMAN**

By: _____/S/_____
Joel T. Marker
Attorneys for Joel T. Marker, Trustee

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of March, 2007, a true and correct copy of the foregoing document was delivered by electronic service to the following:

| | |
|---|---|
| M. Robert Smith<br>rob@smithlawpc.net | Kim R. Wilson<br>krw@scmlaw.com |
| Paul James Toscano<br>ptoscano@expresslaw.com | Jeffrey L. Shields<br>jlshields@cnmlaw.com |
| Russell S. Walker<br>rwalker@wklawpc.com | Robert J. Dale<br>rdale@fabianlaw.com |
| Danny C. Kelly<br>dckelly@stoel.com | George Love Farming, LLC<br>lovegv@networld.com |
| Cy H. Castle<br>cy.castle@usdoj.gov | |

/S/
Joel T. Marker